843 F.2d 1386
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald Milton BOYSAW, Plaintiff-Appellant,
v.
C & P TELEPHONE COMPANY OF VIRGINIA, Defendant-Appellee.
 No. 87-7756.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 24, 1988.
Decided: April 7, 1988.
 
 Donald Milton Boysaw, appellant pro se.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Donald Milton Boysaw, a Virginia inmate, filed this suit pursuant to 42 U.S.C. Sec. 1983 against C & P Telephone Company of Virginia for allegedly charging him one dollar for local calls when the price charged the general public was twenty-five cents. The district court dismissed the suit because the activity complained of did not constitute state action. We affirm.
 
 
 2
 Boysaw failed to demonstrate that the price charged for phone calls was "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Phone service is not an activity "traditionally exclusively reserved to the State." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974). Further, the possibility that the state may regulate the defendant telephone company, without more, is an insufficient basis to convert private action into state action. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149 (1978); Jackson, 419 U.S. 345; Arlosoroff v. National Collegiate Athletic Ass'n, 746 F.2d 1019 (4th Cir.1984). Because Boysaw failed to demonstrate the state action necessary to maintain an action under 42 U.S.C. Sec. 1983, the district court properly dismissed his complaint.
 
 
 3
 On appeal, Boysaw contends that he should not have been assessed a partial filing fee as a prerequisite to the maintenance of the action. This contention lacks merit. The procedure utilized by the district court in determining the fee to be assessed comported with the process approved in Evans v. Croom, 650 F.2d 521 (4th Cir.1981), cert. denied, 454 U.S. 1153 (1982).
 
 
 4
 Finally, Boysaw contends that the district court erred in disallowing an amendment to the complaint which sought to add two defendants. The court denied Boysaw's motion to amend because the motion was made following entry of final judgment dismissing the case. We conclude that the court did not abuse its discretion in denying the motion to amend. See Clardy v. Duke Univ., 299 F.2d 368 (4th Cir.1962).
 
 
 5
 Finding no merit to any of Boysaw's contentions on appeal, we affirm the decision of the district court. We dispense with oral argument because the facts and legal arguments are adequately presented in the record and because oral argument would not significantly aid our resolution of the issues.
 
 
 6
 AFFIRMED.